# IN THE COURT OF APPEALS OF IOWA

No. 19-0389
Filed June 5, 2019

**IN THE INTEREST OF A.D., E.D., and J.D.,**
**Minor Children,**

**A.J., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Pottawattamie County, Scott Strait, District Associate Judge.


        The mother appeals the termination of her parental rights to her three children. **AFFIRMED.**


        Patricia Scheinost, Council Bluffs, for appellant mother.

        Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

        Roberta Megel of Public Defender's Office, Council Bluffs, attorney and guardian ad litem for minor children.


        Considered by Potterfield, P.J., and Doyle and May, JJ.

**POTTERFIELD, Presiding Judge.**

The mother appeals the termination of her parental rights to her three children.[1] The juvenile court terminated the mother's parental rights to each child pursuant to Iowa Code section 232.116(1)(b), (e), (f), and (*l*) (2018). We review termination proceedings de novo. *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011).

The mother challenges whether clear and convincing evidence supports some of the grounds for termination, but she does not challenge the grounds regarding paragraph (b).[2] Thus, she has waived any alleged deficiencies, and we affirm on this ground. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("We have long recognized an appellant must identify alleged error on appeal."); *see also In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."). Insofar as the mother challenges whether the State made reasonable efforts to reunify her with the children, we note that paragraph (b) does not have a reasonable-efforts requirements. *See* Iowa Code § 232.116(1)(b); *see also C.B.*, 611 N.W.2d at 492 (recognizing the language in paragraphs (c), (d), (e), (g), and (k) "implicates the reasonable effort requirement"—language not found in (b)).

Next, the mother maintains termination of her rights is not in the children's best interests. The mother seems to base this argument on the progress she has made since the termination order was entered—information we have no way

---

[1] The father's parental rights were also terminated. He does not appeal.
[2] Section 232.116(1)(b) allows the juvenile court to terminate a parent's rights to a child if the "court finds clear and convincing evidence that the child has been abandoned or deserted."

of verifying and, even if we could, are not at liberty to consider. *See, e.g.*, *Clarke Cty. Reservoir Comm'n v. Robins,* 862 N.W.2d 166, 170 n.3 (Iowa 2015) ("Normally on appeal we cannot consider matters outside the trial court record."). It is undisputed that at the time of the January 2019 termination trial, the mother's whereabouts were unknown. She did not attend, and her attorney, who had been unable to reach her, made only a general denial of the termination petition without otherwise presenting evidence to contest it. According to reports from the Iowa Department of Humans Services, the mother attended only five of seventeen visits during the period from April 14, 2018, until the termination. The mother's last interaction with the children occurred in early September 2018. At or around the same time as the visit, she admitted to service providers she had recently used methamphetamine and marijuana. This appears to be the mother's final contact with anyone involved with the case. The mother's use of methamphetamine was an issue throughout the case—since the children were removed in October 2017—and she did not attend substance-abuse treatment during the pendency of the proceedings.

Based on the record at the time of the termination trial, termination of the mother's parental rights is in these children's best interests. *See* Iowa Code § 232.116(2); *H.S.*, 805 N.W.2d at 748 (recognizing that the defining elements in a child's best interests are "a child's safety and his or her need for a permanent home"). We affirm.

**AFFIRMED.**